IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:21-cr-00367-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRIAN HSU,

    Defendant.

---

## GOVERNMENT'S SENTENCING STATEMENT

---

This matter is currently scheduled for a sentencing hearing before this Honorable Court on Wednesday, August 31, 2022. The United States respectfully recommends that the Court sentence Mr. Hsu, consistent with his plea agreement, to a term of two years probation with mental health treatment and counseling. *See* Plea Agreement: ECF No. 0031 at 2. Additionally, the United States requests that the Court order Mr. Hsu to pay restitution to victims American Airlines in the amount of $16,290.00 and restitution to the victim flight attendant, in an amount to be determined at sentencing. *Id*. at 1-2. Mr. Hsu has agreed that this sentence is appropriate. *Id*. For the following reasons, the above sentence is sufficient and not greater than necessary to achieve the goals of sentencing as laid out in Title 18, United States Code § 3553.

### I. Authority for restitution.

The United States has no objections to the information contained in the Presentence Investigation ("PSIR"). This response anticipates possible litigation over any amount of restitution sought by the victim flight attendant.

The Mandatory Victims' Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664, is applicable to this case as the defendant has pled guilty to a crime of violence, assault by striking, beating, or wounding the victim on an aircraft in the special aircraft jurisdiction, in violation of 49 U.S.C. § 46506(1) and 18 U.S.C. § 113(a)(4). As such, restitution, as detailed in § 3663A, is mandatory, regardless of the defendant's financial ability to pay. 18 U.S.C. § 3664(f)(1)(A). *See also United States v. Serawop*, 505 F.3d 1112, 1118 (10th Cir.2007). The government bears the burden of proving the amount of loss by a preponderance of the evidence. 18 U.S.C. § 3664(e). *See also Serawop*, 505 F.3d at 1117.

As detailed in the PSIR, the victim flight attendant and American Airlines both clearly constitute victims of the defendant's conduct as they were "directly and proximately harmed as a result" of the defendant's actions, the assaultive contact of Mr. Hsu's hand to the victim flight attendants face which caused her to hit the lavatory door and her nose to bleed. *See* PSIR: ECF 34 at ¶ 9. This assault is an offense for which restitution shall be ordered. 18 U.S.C. §§ 3663A.

Because Mr. Hsu has agreed to the specific amount owed to American Airlines and that restitution is appropriate for the victim flight attendant, the only possible contested issue at sentencing is the amount owed to the victim flight attendant. *See* Plea

Agreement: ECF No. 31 at 1-2.  Section (b) of 18 U.S.C. § 3663(A) specifies the requirements of the order of restitution.  For the victim flight attendant, § 3663A(b)(2)(A) and (B) govern, as she suffered costs associated with the injuries she sustained from being hit by the defendant.

As of the filing of this motion, the victim flight attendant has provided an itemized breakdown of her medical expenses from seven providers totaling expenses of $24,706.09.  The United States provided the victim flight attendant's loss information and accompanying records were provided to the defendant and the United States Probation Office on August 9, 2022, when received.  The victim flight attendant has also provided an impact statement wherein she describes persistent and ongoing nose pain which has required frequent doctor appointments.  She also reports ongoing fear and trauma as a result of the attack and her injuries.

The care the victim has received, the pain she describes as a result of the assault, and the mental anguish she is experiencing are what constitutes bodily injury consistent with 18 U.S.C. § 1365(g)(1)(B)(3)("bodily injury" defined to include "impairment of the function of a bodily member, organ, or mental faculty") and U.S.S.G. § 1.1, comment (j) ("serious bodily injury" defined to include protracted impairment of a "function of a bodily member, organ or mental facility").  Moreover, the pain and suffering the victim is experiencing comport with how the Tenth Circuit requires jurors be instructed on bodily injury: "bodily injury means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." 2.09 Pattern Jury Instructions, Criminal Cases, Tenth Circuit (2021).

## II. Sentencing factor analysis.

Considering the totality of the circumstances in this case, especially Mr. Hsu's history and characteristics, the sentencing factors pursuant to 18 U.S.C. § 3553 all weigh in favor of the recommended probationary sentence and Court ordered restitution for both victims.

In making the above recommendation, the United States considered Mr. Hsu's lack of criminal record, the significant injuries he suffered as a result of the assault he suffered in September of 2020 in New York, and other issues outlined in the Defense's Sentencing Statement. *See* ECF No. 37. 18 U.S.C. § 3553(a)(1). While Mr. Hsu's actions are serious and resulted in significant harm to the victims, his history and characteristics do not weigh in favor of a more serious sentencing.

Similarly, the requested sentence will reflect the seriousness of Mr. Hsu's offense, promote respect for the law, and will provide just punishment for the misdemeanor offense. 18 U.S.C. § 3553(a)(2)(A). Because of Mr. Hsu's lack of criminal record, the recommended sentence will both afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(b)(2)(B) and (C). The recommended mental health treatment and counseling will provide Mr. Hsu with needed treatment in the most effective manner. 18 U.S.C. § 3553(b)(2)(D). Finally, and perhaps most importantly given the totality of the circumstances in this case, the recommended sentence will meet the need to provide restitution to any victims in this case. 18 U.S.C. § 3553(a)(7).

**III. Conclusion.**

Mr. Hsu's actions on October 27, 2021 were serious and he deserves to be held accountable. Given the totality of the circumstances in this case, a sentence of two years probation, mental health treatment and counseling, and restitution to the victims, is appropriate. The United States requests that the Court sentence Mr. Hsu pursuant to his plea agreement and this recommendation.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:   s/ *JD Rowell*
JD Rowell
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 520-2551
E-mail: jd.rowell@usdoj.gov
Attorney for Government

By:   s/ Michael Goldstein
Michael Goldstein
Attorney for Brian Hsu
Goldstein Law Group
1645 N. Vine Street, Suite 809
Los Angeles, CA 90028
T: 323.461.2000
E-mail: mg@Goldsteinlawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of August, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following to all counsel of record.

*s/Stephanie Price*
STEPHANIE PRICE
Legal Assistant